DÍAZ ET AL., DEMANDANTES Y APELANTES, *v.* BARCELÓ, DEMANDADO Y APELADO.

APELACIÓN procedente de la Corte de Distrito de Humacao en pleito sobre cobro de dinero.

INCIDENTE sobre apertura de rebeldía.

No. 2045.—Resuelto en febrero 28, 1920.

REBELDÍA—APERTURA DE—DISCRECIÓN JUDICIAL—ABUSO DE.—Las cortes de distrito tienen poder para dejar sin efecto las sentencias en rebeldía que registren los secretarios de las mismas, y a menos que se demuestre un claro abuso de discreción la Corte Suprema no revocará la acción tomada por dichas cortes en tales casos.

Los hechos están expresados en la opinión.

Abogado del apelante: *Sr. L. Llorens.*

Abogados del apelado: *Sres. A. R. Barceló* y *M. Benítez Flores.*

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del tribunal.

José Agustín Díaz entabló una demanda en la Corte de Distrito de San Juan, P. R. contra Antonio R. Barceló, en cobro de dinero. El demandado excepcionó la demanda y solicitó el traslado del pleito a la corte de distrito de su domicilio, Humacao, P. R. Se decretó el traslado y el demandado archivó su contestación pidiendo señalamiento de día para la vista. En este estado el asunto, el demandante pidió permiso para archivar una demanda enmendada. Accedió la corte, concediendo, el 28 de enero de 1919, diez días al demandado para enmendar su contestación. El 8 de febrero siguiente el demandante pidió al Secretario de la Corte de Distrito de Humacao que anotara la rebeldía del demandado y registrara una sentencia en contra suya. A todo

accedió el Secretario quedando registrada el mismo día una sentencia por virtud de la cual se condenaba al demandado a pagar al demandante la suma de $15,000 dólares. El propio día ocho de febrero se recibió por correo en la Secretaría de la Corte de Distrito de Humacao, P. R., una excepción previa del demandado a la demanda enmendada, que, según el sobre que la contenía había sido depositada en San Juan, P. R., el 7 de febrero, y, según constaba en ella misma, había sido notificada al abogado del demandante el día 6.

Enterado el demandado de la sentencia dictada en contra suya, acudió a la corte en solicitud de que ésta abriera la rebeldía anotada y anulara la sentencia dictada por el secretario. Así lo hizo la corte después de haber oido a ambas partes y pesado la evidencia introducida por ellas, habiendo en consideración todas las circunstancias concurrentes y haciendo uso de las facultades que le confería el artículo 140 del Código de Enjuiciamiento Civil. Y contra esa resolución de la corte apeló el demandante para ante este tribunal.

Ambas partes presentaron extensos alegatos e informaron por medio de sus abogados ampliamente en el acto de la vista de la moción, suscitando muchas cuestiones y citando copiosa jurisprudencia.

No creemos necesario considerar todas las cuestiones suscitadas en detalle. Se trata de un caso en que la corte claramente tenía poder discrecional para actuar en la forma en que lo hizo, y no habiéndose demostrado, a nuestro juicio, que abusara de ese poder, no cabe revocar su decisión.

Debe declararse sin lugar el recurso y confirmarse la resolución apelada.

*Confirmada la orden apelada.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.